IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Theresa Garner :  CASE NO. 20-C-0147
Plaintiff, :
:
vs. :
:
Department of Justice, :
William P. Barr, Attorney General, :
Mark Thomas D'Alessandro, :
Department of Labor- :
Bureau of Labor Statistics, :
Secretary of Labor, Eugene Scalia, :
Department of Commerce, :
Bureau of Commerce, :
Secretary Wilbur Ross, :
Cleopatra Echols :
Stephanie O'Connor :
Julie Nelson :
Ana Ortiz :

---

## MOTION TO ENFORCE (2) TITLE VII, AS AMENDED SETTLEMENT AGREEMENTS

---

**PLEASE TAKE NOTICE** that the Plaintiff notifies the Clerk of Court, all participants and the Court that she will move the Court with a Motion for Enforcement of (2) Title VII, as amended, Settlement Agreements (hereafter "Settlements") against the Department of the Commerce-Bureau of the Census ("DOC"), Department of Labor-Bureau of Labor Statistics ("DOL-BLS"), and the Department of Justice, ("DOJ"), hereafter ("Defendants" or agency(ies)). Both settlements were completed on 9/2016 and 10/2016, filed with the EEOC, Office of Field Operation ("OFO"), Washington D.C.

The most recent breach was captured on 11/26/2019, a proper and timely Notice of Petition was filed with the EEOC OFO exhausting all administrative remedies, before filing directly with the District Court as authorized pursuant 42 U.S.C. § 2000e-16 and 29 C.F.R. Section 1614.504.

1

The Federal Defendants captioned and Department of Justice Mark T. D'Alessandro attorney for the DOJ unlawful misconduct has been captured via location tracking and other means contacting 3rd parties with false and defamatory claims, directing the 3rd parties to keep their contacts confidential. The Plaintiff has captured documentation and direct evidence of the responsible parties who has since on or about FY2014 contacted college colleagues, high school colleagues, the weatherization staff, the Department of Administration ("DOA"), the Honorable Congresswoman Gwen Moore, her staff in Wisconsin and D.C with these falsified claims. The federal defendants based upon witnesses statements and most recent actions are responsible for false imprisonment twice and 9+ fraud charges all of which were unfounded, unsubstantiated meant to stop the pending Title VII, as amended lawsuits. This is a case of unlawful surveillance, and criminal harassment. The Plaintiff has entered (2) settlement agreements and such disparaging contacts are unlawful. The Plaintiff has requested the entire settlement agreement there is a delay. However, the Plaintiff is reserving her rights to receive the entire settlement agreement held up at the EEOC OFO level at this time. (Partial Settlement has been submitted to this Court at this time Ex. 1-2)

This notice is supported by the attached memorandum.

Dated: 1/29/2019
Respectfully submitted,
/s/ Theresa Garner
Theresa Garner
1345 N Jefferson St. Unit 367
Milwaukee, Wisconsin 53202
EyeDotCrossTs5@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Theresa Garner | : | CASE NO: |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| Department of Justice, et. al., | : | |
| Defendant. | : | |

---

## MOTION TO ENFORCE (2) TITLE VII, AS AMENDED SETTLEMENT AGREEMENTS

---

NOW COMES the Plaintiff, who hereby moves the Court for Enforcement of (2) Title VII as amended settlement agreements, pursuant Title VII, as amended, F.R.C.P. Rule 60(b) (3) against the captioned defendants.

### II. STATEMENT OF CLAIM
### COUNT 1

a. Non-Disparagement Settlement Agreements

1. The parties (federal defendants) agreed that neither they nor their representatives will disparage the other party. Disparage meaning any communication, or written, of false information or the communication of information with reckless disregard to its truth or falsity.

### COUNT 2

2. The agency also agreed that it shall not make any statements, either internally or externally, that reflect adversely on Plaintiff's employment. In the event of a request for employment references, the agency will confirm dates of employment, [his/her] last job position, and [his/her] annual salary at termination. (<u>See</u> Ex. 1-2 settlement agreements pertinent parts)

3

## COUNT 3

3. It is alleged that the Federal Defendants have been identified as the responsible party for providing by scheme and devise surreptitiously and repeatedly ongoing disparaging, willful and malicious, false, slanderous, defamatory references to 3rd parties for a period of 6+ years, which has become widespread and a pattern of multiple incidents of defamation, adverse actions i.e., false imprisonment twice and other damages; and

## COUNT 4

4. It is alleged that the Defendants and representative DOJ have been captured disparaging and defaming Ms. Garner's good name with false communication, framing and contacts to multiple 3rd parties, false claims, contacting 3rd parties since FY2014 with witnesses, stating that Ms. Garner is "an impostor," "crazy," "mentally ill," "dangerous," etc. a reckless disregard to its truth; and

## COUNT 5

5. It is alleged that the identity of the Agencies' officials have contacted the Department of Administration ("DOA") employees Cleopatra Echols, Stephanie O'Connor, UMOS-Ana Ortiz and Julie Nelson an attorney, captured as parties involved in the disparaging, discriminatory misconduct and contacts; and (**See** Ex. 3-9) (**See** below attachment)

## COUNT 6

6. On 12/6/19, the Plaintiff filed a Notice of Petition with the EEOC OFO, D.C. alleging the most recent breach of settlement 11/26/2019; and (**See** Ex. 10)

## COUNT 7

7. Both settlements agreements were filed with the EEOC OFO for enforcement, and the same authority pursuant 29 C.F.R. Section 1614.504 and 42 U.S.C. 2000e-16 allowed for this

4

action to be filed directly in District Court, after filing the Notice of Petition of Settlement Breach 12/6/2019, after all administrative remedies were exhausted;

## COUNT 8

8. Multiple witnesses have warned the Plaintiff of the defamatory 3rd party contacts to stop the Title VII (2) lawsuits, and the Plaintiff completed a [voluntary walk-in] polygraph examination with The City of Greenfield, Wisconsin Police Department-Polygraph Examiner 34 years, Jeffrey Arbinger, passed at 100%, no deception 100% truthful; and (**See** Ex. 11-Polygraph Results 100% Passed)

## COUNT 9

9. The exposure of the continuum of misconduct schemes and devises for purposes of false imprisonment as done twice prior, came to full fruition on or about 11/26/2019 exposing the name of the responsible parties with clear direct evidence of the identified source alleging, Atty. Mark Thomas D'Alessandro (fraud on the court) DOJ, and the captioned defendants and representative tracked with IP location and email evidence submitted to this Court as direct evidence; and (**See** Declaration of Defamation Communication between Echols and the Defendant)

## COUNT 10

10. Based upon 11/26/19 unlawful conduct it is alleged that the Defendants are responsible for the Plaintiff false imprisoned twice and more than 10+ false fraud charges all charges that were unwarranted, unsubstantiated, unfounded and disparaging in breach of settlement;

## COUNT 11

11. The most recent incidents of defamatory, adverse actions and damages occurred on or about 11/26/2019 and recorded identifying the Department of Administration ("DOA") State of Wisconsin, energy assistance/weatherization program, and Loan Compliance Program 3rd party

5

Case 2:20-cv-00147-PP    Filed 01/30/20    Page 5 of 14    Document 1

contacts captured on the Plaintiff's newly created email account; (**See** attachment below)(See Plaintiff Declaration)

## COUNT 12

12. It is alleged that the Defendant DOJ has disparaged and criminally interfered with the Plaintiff's employment opportunities with the Weatherization Programs, loan compliance program, benefits for employment and employment endeavors unlawfully denied, loan interference, denial of employment related loans. Also, Echol removed benefits after approval claiming falsely "error" leaving the Plaintiff with a large debt 130+ days later; (**See** Ex. 3-9, Location Tracker on the Plaintiffs newly created email tracking the DOA and hacker)

## COUNT 13

13. False, incorrect and disparaging personnel records, SF-50s and communications have been published to 3rd parties by Defendants the DOJ, DOC and DOL BLS to Honorable Congresswoman Moore, and office staff in Wisconsin and D.C.;

## COUNT 14

14. It is alleged that the named defendants have engaged in a Class A Misdemeanor, Wis. Stat Section 942.01, and other federal statutes providing false references, false claims and defamatory 3rd party contacts and communication to end/stop the Plaintiff's Title VII litigation;

## COUNT 15

15. On or about 11/26/2019, the Defendants and representative DOJ were "Caught in the Act," *per se*, falsely communicating and interfering with employment and employment benefits with the D.O.A., weatherization staff and Echols about the Plaintiff, blocking access to employment and other related benefits; and (**See** Ex. 3-9, Location Tracker on the Plaintiffs newly created email tracking the DOA and hacker)

## COUNT 16

16. The Plaintiff's Standard Form 1150 ("SF-50") has false reference of termination and removal-DOL-BLS, failure to transfer earned sick leave-DOL-BLS, incorrect SCD dates-DOC and DOL-BLS, incorrect removal of earned Federal Employment Retirement ("FERS")-DOC, incorrect claims of termination at the DOC FY2013-14 and false removal of FERS-DOC/& SCD date, incorrect and withheld FERS status therefore creating a miscalculated pension-DOC; and

## COUNT 17

17. It is alleged that the Defendants and representative DOJ contacted 3rd parties by scheme and devices generating disparaging hatred, contempt, ridicule, degradation, disgrace in society, injury in Plaintiff's business or occupation and employment opportunities; and

## COUNT 18

18. It is alleged that the intent here was to defame Ms. Garner's name by scheme and devises, have her falsely imprisoned by involving 3rd party Echols and Cummings and to interfere and end the (2) pending Title VII, civil litigation actions and this 3rd attempt was exposed and debunked 11/27/2019;

## COUNT 19

19. In the last 6 months, the Plaintiff has recorded the following parties contacted by the Defendants with defamatory references, Congresswoman Gwen Moore, Maria J. Montejano Kasperski-Honorable Congresswoman Gwen Moore, and staff members Dan Hereth, Deputy District Director and D.C staff members; and

## COUNT 20

20. The terms of the (2) settlements accepted by the Plaintiff and Defendants were

7

based on [no] negative references, ["no employment negative references."]

### III. MEMORANDUM OF POINTS AND AUTHORITIES

a. Legal Standards-The Underlying Causes of Action.

    1. The Defendants failure to comply with the terms of (2) settlement agreements constitutes misconduct of an adverse party within the meaning of Fed. R. Civ. P. 60(b) (3). *WRIGHT & MILLER*, supra note 2, at S 2864; and the Plaintiff has requested relief with the District Court for specific performance of the original settlement agreements by motion; and

    2. In this action, the Court will usually examine the underlying causes of action. Where the underlying claim is federal or "implicates the operation of a network of federal statutes," the court should apply the federal common law of contracts. Thus, federal law would apply to settlements of disputed claims in civil rights, as in this case. **See** *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981); **See** *Bergstrom v. Sears, Roebuck & Co.*, 532 F. Supp. 923, 931 (D. Minn. 1982). **See** generally **Note**, *Displacement of State Rules of Decision in Construing Releases of Federal Claims*, 63 CORNELL L. REV. 339 (1978).

    3. The Plaintiff has provided proof of settlement pertinent parts Exhibit 1 and 2; and

    4. The Plaintiff has established the elements of the enforceable contract by showing the mutual assent of the parties to the terms of the settlement and the consideration supporting it. **See** *Russell v. United States*, 320 F.2d 920 (Ct. Cl. 1963)

    5. The Plaintiff, the moving party has established a settlement agreement, and the burden now falls on the opposing party the Defendants to prove facts, which would invalidate both settlements. Otherwise, the breaching party is bound by the settlement. **See** *Strange v. Gulf & S. Am. S.S. Co.*, 495 F.2d 1235 (5th Cir. 1974).

## IV. ARGUMENT

a. Showing Breach of the Settlement

1. Showing breach of the settlement, once settlement has been established, should be relatively straightforward. A party in breach of a settlement seldom questions its terms, at least not if the settlement terms have been memorialized in some writing.

2. Most jurisdictions require that attorney compromise and settle claims only with the actual authority of their clients. **See**, e.g., *Aetna Life & Casualty v. Anderson*, 310 N.W.2d 91, 95 (Minn. 1981). *Compare ABA Code of Professional Responsibility EC* 7-7, EC 7-8 & DR 7-101(A)(3) with *ABA Model Rules of Professional Conduct* 1.2. This authority may be express because of the words of the party to counsel or implied because of the actions of the party and counsel. **See** *Carroll v. Pratt*, 247 Minn. 198, 76 N.W.2d 693, 698 (1956). The party's behavior after settlement may prove the existence of implied actual authority of counsel to effect a binding settlement or may establish ratification of the settlement by the party. See *Fingerhut Mfg. Co. v. Mack Trucks, Inc.*, 267 Minn. 201, 125 N.W.2d 734 (1964); *Aetna Life & Casualty v. Anderson*, 310 N.W.2d 91, 95 (Minn. 1981). Similarly, a representative sent to a pre-trial conference before a judge requiring such persons to be clothed with full settlement authority, may be found, despite his or her actual authority, to have sufficient authority to bind the party. The Defendants' representative was fully clothed with full settlement authority, in this case for the DOL-BLS, DOJ and DOC.

3. Once settlement is established, as in this case, the court will force the party to elect a remedy, and either seek specific performance of the terms of the settlement or reinstate the original claim. **See** *Dankese v. Defense Logistics Agency*, 693 F.2d 13 (1st Cir. 1982); *Village of Kaktovik v. Watt*, 689 F.2d 222, 223 (D.C. Cir. 1982). The terms of the settlements are clear no negative references related to the Plaintiff's employment as described in this case.

## V. JURISDICTION

1. These newest most recent incidents of breach of settlement arose in the State of Wisconsin, 11/26/2019, filed with the EEOC OFO, in violation of Title VII of the Civil Rights Act of 1964, as amended, pursuant 42 U.S.C. §2000e et seq.; Fed. R. Civ. P. 7, 10 and 11; Wisconsin Statute section § 942.01; the False Claims Act; the Civil Service Reform Act, 5 U.S.C. §7703(b)(2); the Age Discrimination in Employment Act; 29 USC §621, et seq.; and the Rehabilitation Act, 29 USC §701 to remedy acts of employment discrimination and retaliation perpetrated against a then federal employee.

## VI. PARTIES

1. Defendants, Department of Justice ("DOJ"), Mark T. D'Alessandro, (D'Alessandro), a federal agency and federal employee, are the final decision makers for its representation, defamatory communication, in matters pertaining to a settlement agreement breach, Title VII, as amended, retaliation, due process, policies, investigations, and constitutional rights to equality and freedom. As described more fully below.

2. Defendant, Department of Labor, Bureau of Labor Statistics, ("DOL-BLS") Secretary of Labor, Eugene Scalia, Department of Commerce, Bureau of Commerce, ("DOC"), Secretary Wilbur Ross, are federal agencies existing under the laws of the United States and officials sued in their official capacity. Defendants United States are the final decision makers for its implementation and breach of settlement, representation, communication, defamation of character, in matters pertaining to the department settlement agreements, SF-50s, accurate personnel files, Title VII, as amended, due process, policies, investigations, and constitutional rights to freedom, etc. As described more fully below.

3. Cleopatra Echols-employee of the Department of Health and Human Services ("D.H.H.S.") provided defamatory, false, made up references and contact with an unknown 3rd

party named Tanya Cummings. Echols false and defamatory communications were instituted and communicated by the DOJ Defendant to Echols to Cummings. Echols is the final decision makers in matters pertaining to the weatherization department, 504 Compliance policies, rules, discrimination, investigations, slander, libel, reprisal, misrepresentation, communication, dissemination and defamation of character. (**See** page 10 attachment)

4. On or about 11/26/2019, documentation of the ongoing defamatory pattern of communication was recorded whereas the Plaintiff was shifted and redirected in Wisconsin for a period of 150+ days unknowingly of the defendants' 3rd party scheme and devises and contacts to the weatherization staff members and Department Of Administration ("D.O.A."): Stephanie O'Connor, State of Wisconsin, Loan Compliance Program, Ana Ortiz- UMOS, Regina Sims- Community Advocate, George Hinton-CEO SDC, Mr. Larkins-LaCasa, all individuals responsible for implementation of the 504 compliance nondiscrimination policies and are the final decision makers for matters pertaining to the department 504 Compliance rules, federal and state laws, discrimination, investigations, slander, libel, reprisal, misrepresentation, communication, dissemination and defamation of character.

5. Julie Nelson, is the final decision makers for her fiduciary duties as a lawyer in matters pertaining to threats, and/or unrelated communications, misrepresentation, sending unrelated documents and information out of harassment, having made a written threat/harassment on or about 12/2019;

(**See** Defamatory Documentation with Cleopatra Echols and Tanya Cummings Attached below)

---

**Gmail** — Eye Dot <eyedotcrossts3@gmail.com>

**Would like to connect**
10 messages

---

**Cummings, Tanya** <Tanya.Cummings@milwaukeecountywi.gov> — Wed, Nov 27, 2019 at 3:44 PM
To: "eyedotcrossts3@gmail.com" <eyedotcrossts3@gmail.com>

Hi Ms. Garner,

My name is Tanya Cummings and I am employed with Milwaukee County Crisis Services. I am interested in speaking with you to see if we could possibly be of assistance to you. Please feel free to reach me by email or on my office line 414-257-7750. I look forward to hearing from you soon.

Best,

Tanya Cummings MS, LPC-IT
Crisis Services Manager
414-257-7750

This message is intended for the sole use of the individual and entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended addressee, nor authorized to receive for the intended addressee, you are hereby notified that you may not use, copy, disclose or distribute to anyone the message or any information contained in the message. If you have received this message in error, please immediately advise the sender by reply email and delete the message.

---

**Eye Dot** <eyedotcrossts3@gmail.com> — Fri, Nov 29, 2019 at 10:38 AM
To: eyedotcrossts2@mail.com

[Quoted text hidden]

---

**Eye Dot** <eyedotcrossts3@gmail.com> — Fri, Nov 29, 2019 at 12:06 PM
To: "Cummings, Tanya" <Tanya.Cummings@milwaukeecountywi.gov>

Who referred me to you? By name please and department?

[Quoted text hidden]

---

**Cummings, Tanya** <Tanya.Cummings@milwaukeecountywi.gov> — Mon, Dec 2, 2019 at 12:37 PM
To: Eye Dot <eyedotcrossts3@gmail.com>

Hello,
I was referred to you by Cleopatra Echols from the department of Energy Assistance.
Thanks

Tanya Cummings MS, LPC-IT
Crisis Services Manager
414-257-7750

From: Eye Dot <eyedotcrossts3@gmail.com>
Sent: Friday, November 29, 2019 12:06 PM
To: Cummings, Tanya <Tanya.Cummings@milwaukeecountywi.gov>
Subject: Re: Would like to connect

CAUTION: This email originated from outside of Milwaukee County. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]
[Quoted text hidden]

---

**Eye Dot** <eyedotcrossts3@gmail.com> — Fri, Dec 6, 2019 at 12:00 PM
To: "Cummings, Tanya" <Tanya.Cummings@milwaukeecountywi.gov>

I have not met you before would you please provide me your physical address?
Also, I would like a copy of the written referral made by Ms Cleopatra Echols.
If this is not written referral, please let me know the exact referral made by Ms. Echols. Thank you
[Quoted text hidden]

---

**Cummings, Tanya** <Tanya.Cummings@milwaukeecountywi.gov> — Fri, Dec 6, 2019 at 1:39 PM
To: Eye Dot <eyedotcrossts3@gmail.com>

Hello,
I am located at 9455 Watertown Plank Rd. I spoke with Cleopatra via phone.
Thanks

Tanya Cummings MS, LPC-IT
Crisis Services Manager
414-257-7750

From: Eye Dot <eyedotcrossts3@gmail.com>
Sent: Friday, December 6, 2019 12:00 PM

---

12

## VII. **PRAY FOR RELIEF**

1. The Plaintiff seeks under Wisconsin Statute Section 942.01 and FRCP for defamation $10,000, per incident 1-20; and

2. This approach is consistent with the "Lodestar" approach to determining fees to be awarded in actions under certain statutes and in class actions; and

3. Additionally, the Plaintiff request specific performance and a confession of judgment as part of the settlement, these include no future derogatory references of any kind to any 3rd party about the Plaintiff; and

4. This includes any false reference or actions taken about any false, perceived disability, from any 3rd party or related to this case, and/or false references of the Plaintiff being an impostor, and/or false references of being wanted/dangerous, and/or false references on any employment records with any agency in this enforcement settlement, and/or any SF-50s of termination/removal or wrong SCD dates, falsely removed FERS, and negative references on all personnel documents. The old versions should be removed and corrected/amended turned over to the Plaintiff within 15 days of the enforcement order; and

5. Additionally, Plaintiff seeks all adverse actions and/or pending adverse actions caused by the misconduct of the Defendants be corrected by letter. No further communication to any other 3rd parties causing adverse harm will continue and that all such misconduct will cease and desist by the defendants. The Plaintiff request a full disclosure of her employment record and background criminal clearance record for the entire United States as there has been false/defamatory communication that the Plaintiff is an impostor told to many, including the defendants named in this litigation, provided within 15 days of the Court order in writing.

13

6. Additionally, further injunctive relief of a letter to each agency named in this motion, the weatherization program, loan compliance program and individuals to be placed in writing, disclosing the false and defamatory communication has been corrected to each 3rd party and a list of those parties be disclosed. A copy of receipt of the certified letters should be provided to the Plaintiff within 15 days of the order.

    7. Lastly, the movant requests this Court to add any other appropriate injunctive relief that it deems reasonable to make the Plaintiff whole.

## VIII. CONCLUSION

    The Plaintiff seeks to enforce the settlement agreements for effecting the final resolution of an action when the Defendants reneged on the settlement agreement. The Plaintiff submits exhibits to support her allegations due to the sensitive nature of the allegations of misconduct against a federal agency, federal employees and State employees.

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system was sent electronically to all the registered participants as identified on the Notice of Electronic Filing (NEF) on 1/29/2020.

Dated this day of 1/29/2020.
/S/Theresa Garner
Theresa Garner
1345 North Jefferson Street Unit 367
Milwaukee, Wisconsin 53202
EyeDotCrossTs5@gmail.com